UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CR. NO. 21 MJ 249 (RMM) |
| : | |
| CHAUNCEY JONES, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D), 18 U.S.C. § 3142 (f)(1)(E), and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## I. Procedural History

The defendant is charged by Criminal Complaint dated February 22, 2021 with Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's arraignment and initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends immediately to proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

The first factor for the Court's consideration, the nature and circumstances of the offense charged, weighs in favor of detention. On Sunday, February 21, 2021, at approximately 5:30 p.m., members of the Metropolitan Police Department (MPD) Gun Recovery Unit (GRU) were on

patrol when they observed a silver Infiniti sedan with Missouri dealer registration tags (D40-HW) and with heavily tinted windows idling in front of 37 Forrester Street Southwest in Washington, D.C. Officers pulled up alongside the vehicle and observed two individuals seated in the car's front driver and passenger seats. The front-seat passenger was later identified as the defendant, Chauncey Jones. Officers proceeded to approach the vehicle and initiated a traffic stop.

Officer Choi spoke with the driver and asked the driver to step out of the vehicle in light of the heavily tinted windows. The driver complied. As a result of the traffic stop a notice of infraction (NOI: 7913460240) was issued to the driver of the vehicle concerning the front windshield tint. Simultaneously, other members made contact with the defendant and the rear-seat passenger.

While speaking with the defendant, Officer Jacobs could see him actively pressing his left arm toward the front portion of his waistband. Officers asked the defendant to step out of the vehicle several times, however, he refused to comply. Officers then attempted to assist the defendant in getting out of the vehicle, but the defendant resisted by pressing his feet into the front floorboard of the vehicle to brace himself. All the while, the defendant continued to flex his arm and press it against his waistband while resisting. When officers were finally able to forcibly remove the defendant from the vehicle, the defendant dropped to his knees while bending forward at the waist, in an apparent attempt to continue to conceal his waistband. At that point, officers conducted a pat down of Defendant Jones's waistband area and felt a hard object, consistent with firearm. The officers then removed the firearm from the defendant's waistband and arrested him.

The recovered firearm was a blue and black in color SCCY, model CPX-2, 9 millimeter handgun with an obliterated serial number. The gun was loaded with 10 rounds in the magazine.



*Photographs of the firearm and ammunition recovered from the defendant's person.*

### B.  Weight of the Evidence against the Defendant

The second factor for the Court's consideration, the weight of the evidence, also wholly weighs in favor of detention. The evidence against the defendant is strong. After the police approached a car with heavily tinted windows and the driver quickly complied with the officers' request to get out of the car, the defendant began his repeated efforts to refuse and resist, all while noticeably attempting to conceal his waistband from the officers. However, despite his best efforts, the defendant was removed from the vehicle and a loaded firearm was removed from his waistband. Thus, the evidence of the defendant's possession of a firearm is incontrovertible.

### C.  The Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weigh in favor of his detention. At bottom, the defendant was convicted and sentenced of the same exact offense for which he has been charged in the instant case in Case Number 19-CR-121 before Judge Walton and he remains on supervision for that crime.

Critically, too, the instant offense constitutes what appears to be at least the defendant's sixth felony offense. Specifically, the defendant has the following prior convictions: Unlawful

Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1); Burglary – No Forced Entry, Nonresidence (Maryland, 2016); Disorderly Conduct – Urinating or Defecating (Washington, D.C., 2015); Second Degree Assault (Maryland, 2016); Burglary First Degree - Dwelling (Maryland, 2013); and Second degree Assault (Maryland, 2013). The defendant has unequivocally demonstrated that he cannot be trusted to refrain from engaging in criminal conduct as demonstrated by his lengthy criminal history, together with the fact that he has again been arrested and charged with illegally carrying yet another loaded firearm.

### D. **Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The defendant has a criminal history that is gravely concerning to the Government. Even more, though, the defendant was released from prison and began his period of supervision on December 18, 2020 for his most recent Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). Especially concerning, then, is the fact that now, a mere two months later, the defendant was arrested for yet another gun possession case. In other words, the defendant has demonstrated a blatant disregard for and complete inability to follow Court orders by returning to the same behavior that resulted in his conviction and sentence imposed Judge Walton, for which he just finished serving. Based on those facts, together with the defendant's lengthy criminal history, there is no question here that there exists no condition or combination of conditions that could ensure of the safety of the community.

For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                                      Respectfully submitted,

                                      MICHAEL R. SHERWIN
                                      ACTING UNITED STATES ATTORNEY
                                      New York Bar No. 4444188

By:    /s/ *Kelly L. Smith*
            Kelly L. Smith
            New York Bar No. 5321971
            Assistant United States Attorney
            Federal Major Crimes Section
            United States Attorney's Office for D.C.
            555 Fourth Street, N.W., Fourth Floor
            Washington, D.C. 20530
            E-mail: Kelly.Smith@usdoj.gov
            Telephone: (202) 436-5921

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Cara Halverson, Esq., this 22nd day of February 2021.

                                      /s/
                                      Kelly L. Smith
                                      Assistant United States Attorney